# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RANDALL D. BARB,**
**Claimant Below, Petitioner**

**vs.) No. 15-0844**   (BOR Appeal No. 2050190)
(Claim No. 2015010133)

**UTZ QUALITY FOODS, INC.,**
**Employer Below, Respondent**

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner, Randall D. Barb, by John H. Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Utz Quality Foods, Inc., by its attorney, Jeffrey B. Brannon, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 29, 2015, in which the Board affirmed the January 15, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 9, 2014, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Barb worked for Utz Quality Foods, Inc., as a route salesman. On September 22, 2014, he was stocking shelves at one of the stores on his route when his right knee locked causing him pain and difficulty getting up. He was evaluated by Patsy Fairchild, PAC, who diagnosed sprained right knee. She referred him to physical therapy, for an MRI, and to S. Brett Whitfield, M.D. Mr. Barb submitted a report of injury stating he injured his right knee when he was squatting like a catcher, went to stand up, and his knee would not extend. The claims administrator rejected the claim on October 9, 2014.

1

Prior to working for Utz Quality Foods, Inc., Mr. Barb sustained an injury to his right knee on December 14, 2012, while working for his previous employer.[1] That injury resulted in Mr. Barb undergoing surgery to his right knee, including debridement of lateral meniscal tears and microfracture for a full thickness cartilage defect of the lateral femoral condyle. Dr. Whitfield performed the surgery on March 13, 2013, and Mr. Barb continued to treat with him until September 3, 2013. At that time, Dr. Whitfield noted Mr. Barb had not experienced a significant improvement with complaints of pain in the lateral aspect of the knee. An MRI that was performed on August 27, 2013, showed no appreciable cartilage growth in the area of the condylar defect in the lateral femoral condyle. Dr. Whitfield diagnosed continued right knee pain with failure of growth from the microfracture and iliotibial band bursitis of the right knee. He gave Mr. Barb a steroid injection to help with the pain. In his opinion, if Mr. Barb continued to experience pain, he would need an osteochondral autograft transfer system procedure.

Mr. Barb had evaluations by three different physicians as part of his claim with his previous employer. On June 20, 2013, Prasadarao Mukkamala, M.D., evaluated Mr. Barb and noted his chief complaint was right knee pain and weakness. Yogesh Chand, M.D., evaluated Mr. Barb on February 17, 2014, and noted Mr. Barb reported constant pain throughout the knee and stated that he used a brace sometimes. On March 20, 2014, Mr. Barb told Michael Condaras, M.D., that he had constant pain in his knee and that his knee was aggravated by prolonged standing or walking. He also stated that driving bothers his knee.

The Office of Judges affirmed the claims administrator's rejection of the claim on January 15, 2015. It reviewed Mr. Barb's hearing testimony and noted that on cross-examination Mr. Barb changed his responses to the answers regarding the condition of his knee prior to September 22, 2014. It noted that Mr. Barb initially testified his knee was fully functional before September 22, 2014; however, he told Dr. Condaras in April of 2014 that he had constant pain in his knee; had pain on the lateral aspect of the knee; and that prolonged standing, walking, or driving aggravated the knee.

The Office of Judges reviewed the surveillance video from the store where Mr. Barb was working when he said he injured his knee on September 22, 2014. The video showed Mr. Barb entering and exiting the store in the same manner, with no observable indications of pain. It also showed Mr. Barb stocking the shelf. The Office of Judges found the video did not show him walking with a limp or otherwise having trouble walking upon exiting the store. It found this evidence to be persuasive.

The Office of Judges did not find the medical evidence stating Mr. Barb sustained an injury to his knee on September 22, 2014, to be persuasive considering Mr. Barb's prior injury regarding the same knee, the need for surgery due to that injury, and his continuing symptoms. The Office of Judges determined Mr. Barb failed to show he injured his right knee in the course of and as a result of his employment on September 22, 2014.

---

[1] This Court addressed the previous claim in its decision in *Barb v. Multifresh, Inc./LWF EIN Resources, LLC*, No. 15-0267 (Feb. 4, 2016) (memorandum decision).

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges in affirming its Order on July 29, 2015. After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Barb sustained an injury to his right knee on December 14, 2012, that required extensive surgery. He continued to have pain and problems with activities of daily living due to that injury as documented by Dr. Condaras. Mr. Barb failed to show he sustained an injury to his right knee on September 22, 2014.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Not Participating